GREEN, J.,
delivered the opinion of the court. The court of chancery had no jurisdiction to entertain this suit, in any possible view of the case. Either the executor had assented to the legacy, and delivered the slaves in question to the appellee George Bishop, as legatee for life, or he had not assented to it, and only left them in his" hands, as a loan or accommodation. If he had assented to the legacy in respect to the legatee for life, that enured as an assent to the legacy to the legatees in remainder after his death. And from that moment, he had no interest in the slaves legal or equitable, and could maintain no suit, either at law or in equity, - in respect to the property, or any disposition of it. No one but the legatees in remainder had qn interest in the *remainder, that would entitle him to demand security for their enjoyment of that right when it should accrue. If, on the other hand, the executor had not assented to the legacy, he had a clear legal title to the slaves, if they belonged to his testator’s estate, which he could have asserted at law as effectually as in equity. And as his testator’s title to two of them was disputed, a court of law was the only proper forum in which the title could be investigated. In like manner, ás to the slave sold, the legatees in remainder were entitled, if the executor had assented to the legacy, to sue all those who had participated in the act of eloigning the slave, for damages at law, but not in equity. Yet the chancellor has entertained this suit in the name of the executor alone, determined the title of the two slaves in controversy as in an action of detinue, proceeded to ascertain the damages against the defendants concerned in eloigning one of the slaves, and seized the other two, and condemned their profits to make good those damages, in favour of the executor. All this is beyond the proper province of a court of equity.
The decree is to be reversed, and the bill dismissed, with costs.